IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **ANNABELL MELENDREZ** § | |
| § | |
| **V.** § | |
| § | **A-09-CA-768-SS** |
| **MICHAEL J. ASTRUE,** § | |
| **COMMISSIONER OF THE** § | |
| **SOCIAL SECURITY ADMINISTRATION** § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATED MAGISTRATE JUDGE**

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Original Complaint seeking reversal of the final decision of the Social Security Administration (Clerk's Doc. No. 5); Plaintiff's Brief in Opposition to the Commissioner's Decision (Clerk's Doc. No. 16); and Defendant's Brief in Support of the Commissioner's Decision (Clerk's Doc. No. 17).  Also before the Court is the Social Security record filed in this case (Cited as "Tr.").  Plaintiff Annabell Melendrez appeals from the determination that she is not disabled and presents for review one issue: whether the ALJ gave proper weight to the treating and examining doctor's opinions relevant to Plaintiff's condition prior to the date her insured status under Title II expired.

The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(h) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. GENERAL BACKGROUND

On March 7, 2007, Annabell Melendrez (hereinafter "Melendrez" or "Plaintiff") filed an application under the Social Security Act (the "Act") for a period of disability under Title II, and for supplemental security income under Title XVI (Tr. 12). In both applications, Melendrez alleged disability beginning December 1, 2000 (Tr. 12). The claims were denied initially on June 20, 2007, and upon reconsideration on August 3, 2007 (Tr. 76, 81, 91, 97). Melendrez timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on June 27, 2008, in Austin, Texas (Tr. 12, 21–70). Melendrez testified at the hearing and was represented by her attorney, Mary Ellen Felps (Tr. 21). Terry Vander-Molen, a vocational expert, also appeared and testified at the hearing (Tr. 21). The ALJ issued a partially favorable decision dated February 24, 2009, finding that Melendrez was not disabled within the meaning of the Act prior to August 28, 2004, but became disabled on that date and has continued to be disabled through the date of the decision (Tr. 7–20). Because Melendrez's date last insured was December 31, 2002, the ALJ found that Melendrez did not qualify for a period of disability and disability insurance benefits (Tr. 20). In regard to her application for supplemental security income, the ALJ found that she was disabled under the Act beginning on August 28, 2004 (Tr. 20).

The Appeals Council declined Melendrez's request for review by notice on August 20, 2009, making it the final decision of the Commissioner (Tr. 1–3). Melendrez then brought the instant action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner.

## II. ISSUE BEFORE THE COURT

The sole issue Melendrez presents for review is whether the ALJ properly weighed the treating and examining doctor's opinions concerning the period before her insured status under Title II expired.

### III.  STANDARD OF REVIEW

In Social Security disability appeals, the limited role of the reviewing court, as dictated by 42 U.S.C. § 405(g), is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standard. *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Villa v. Sullivan*, 895 F.2d 1019, 1021–22 (5th Cir. 1990) (quoting *James v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). Courts weigh four elements of proof when determining whether there is substantial evidence of a disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995). However, the reviewing court cannot re-weigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Martinez*, 64 F.3d at 174. If substantial evidence supports the Commissioner's findings, they must be affirmed. *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988).

### IV.  ANALYSIS

**A.    Did the ALJ fail to give proper weight to the treating and examining doctor's opinions concerning the period before her insured status under Title II expired?**

Under her sole issue, Melendrez argues that this case should be remanded because proper weight was not given to the treating and examining doctor's opinions relevant to Melendrez's

3

condition prior to her date last insured. Specifically, Plaintiff complains that the ALJ ignored the opinion of Dr. Gonzales that Melendrez has been limited to less than sedentary work since 1997.

Generally, a treating source's medical opinions are entitled to great or controlling weight. 20 C.F.R. § 404.1527(d)(2). However, as pointed out by the ALJ, Dr. Gonzales did not begin seeing Melendrez until 2005 (Tr. 17).[1] Thus, "her opinion could not be based on direct observation or treatment of the claimant during the period before she last met the insured status requirements of the Act." (Tr. 17). Because Dr. Gonzales did not examine or treat Plaintiff prior to the expiration of her insured status, Dr. Gonzales was not Plaintiff's "treating physician" during the relevant period, and the ALJ was not required to attribute great or controlling weight to Dr. Gonzales's opinions.

Finding no error with the ALJ's treatment of Dr. Gonzales's opinion, or any other treating physician's opinion, the undersigned Magistrate Judge recommends that the decision of the Commissioner be affirmed.[2]

## V.  RECOMMENDATION

Based upon the foregoing, the undersigned finds that the Commissioner's decision is supported by substantial evidence and correctly applies the relevant legal standards. Accordingly, the undersigned Magistrate Judge **RECOMMENDS** that the District Judge **AFFIRM** the decision of the Commissioner in this case and **ENTER JUDGMENT** in favor of the Defendant.

---

[1] Plaintiff testified that she believed she first visited Dr. Gonzales in late 2006 or early 2007 (Tr. 30), and in a disability report, Plaintiff represented that she first visited Dr. Gonzales in February 2007 (Tr. 170).

[2] To the extent Plaintiff is claiming that the ALJ made other errors that require remand, Plaintiff fails to show harm from the alleged errors such that she is entitled to relief. *See Brock v. Chater*, 84 F.3d 726, 729 (5th Cir. 1996) ("[The Court] will not reverse the decision of an ALJ where the claimant makes no showing that he was prejudiced in any way by the deficiencies he alleges.").

## VI.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 4th day of June, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE